UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FATEAMA MITCHELL, *et al.*,

    Plaintiffs,

v.

DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, *et al.*,

    Defendants.

CASE NO. C17-1308RSM

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on the following motions:

1. Defendants Social and Health Services for the State of Washington's ("DSHS"), Toni Sebastian's, Yacob Zekarias's, and Stephen Cotter's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #10); and

2. Defendant Jody Lynn Warwick's Motion to Dismiss for Insufficient Service of Process pursuant to Federal Rule of Civil Procedure 12(b)(5).

For the reasons discussed below, the Court GRANTS these motions.

## II. BACKGROUND

On September 11, 2017, Plaintiffs filed a Complaint in this Court. Dkt. #4. Plaintiffs describe their Complaint as a:

> civil rights lawsuit brought by Fateama Mitchell, J.W., a minor, by and through FATEAMA MITCHELL, his mother from for [sic] declaratory and injunctive relief to end destructive practices described herein exposing J.W.

ORDER
PAGE - 1

> to end further physical and emotional harm and unreasonable risk of harm while in Washington from the DSHS|Children Administration, three individual government Child Protective Administrators and a contract provider for psychologically torturing my family under her care by practices that included exploitation, endangering the welfare of a child, intimidation, malfeasance in office. DSHS failed to investigate appropriately and protect my family.

Dkt. #4 at 1.

Plaintiffs allege that J.W. is a thirteen-year-old boy who was moved to Washington under an "Interstate Compact Placement Child|CA Washington State Department Social and Health Services." Plaintiffs further allege:

> J.W. is a thirteen year old boy that had a psychological evaluation, which indicated that he needed theraputic [sic] treatment in October 2016. The current permanency goal is family reunification.
>
> In February 2017, despite his fragile emotion state, DCS moved J.W. to his parental grandmother far away from his mother.
>
> At all relevant times a seventh grade student at Kirkland Middle School in the Lake Washington Unified School District. The move caused J.W. to have change schools.
>
> J.W. has been deprived of visits with his mother and deprived both individual and family counseling uninterrupted he needs desperately. As result of these experiences, J.W. has been subjected to physicsl [sic] and emotional harm and/or ongoing unreasonable risk of harm.
>
> In July 2017, J.W. therapist confirmed for DCS that J.W. was not receiving individual and family counseling that was needed. J.W. was struggling emotionally.
>
> . . .
>
> At all relevant times, Jody Warwick (owner) was a local visitation supervisor, dba, Puget Sound Visitation Services and lisited [sic] in Region 2 Seattle Contracted Services|DSHS Washington State Department of Social and Health Services.
>
> . . .

In late March 2017 Jody Warwick contracted with Arizona DCS. By her own account, Jody is a local visitation supervisor.

On March 23, 2017 Defendant Warwick agreed to supervise court order visit's [sic] two Saturday's [sic] a month and three Skype calls a week.

Defendant Warwick failed to comply with the court order and brenched [sic] the contract.

Puget Sound Visitation Services is a retail accessories clothing store that serves as a contracted agency of its owner, Visitation Services for CA DSHS clients and private.

In April 2017 Jody reported my son played a "sport," practice was Monday, Wednesday, and Friday 5- 7pm.

In April 2017 Defendant Warwick claimed J.W. participated in after school science club too, both were scheduled on Saturday.

In May 2017 J.W. was withdrawn during panther time, last 30 minutes before dismissal according to his science teacher.

J.W. did not participated in a science club, confirmed during a teleconference April 2017 with science teacher.

In April 2017 Jody claim conflicted with the ABCS former visitation agency, caregiver school teacher's [sic] and assistant lacross [sic] coach.

April 2017 Defendant Warwick recruited J.W. to play lacross [sic].

April 2017 J.W. didn't want to play lacross [sic].

April 2017 lacrosse Coaches Anderson (both) observed disparity between J.W. interest and showing up for practice.

Defendant Warwick forced J.W. to play lacrosse every Saturday. As a result, caused educational and social disruption.

April 2017 J.W. was isolated, aggressive, overly withdrawn according to Coach Anderson at practice.

April 2017 J.W. test scores showed sudden changes in school performance.

May 2017 defendant Warwick violated plaintiffs' first amendment right to exercise free speech to be free from retaliation: harm and unreasonable risk

ORDER
PAGE - 3

of harm under the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

June 2017 photos were taken of Defendant Warwick during a supervise visit improperly using a car seatbelt as a restraint to keep J.W. inside inside [sic] the car.

Dkt. #4 at 1-5.

As a result, Plaintiffs allege the following causes of action: 1) Failure to Comply with RCW 26.44; and 2) Violations of 42 U.S.C. § § 1983, 1985 and 1986.

Defendants' motions to dismiss followed, and are now ripe for review.

### III. DISCUSSION

#### A. Legal Standards

*1. Motions to Dismiss under FRCP 12(b)(6)*

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

*2. Motions to Dismiss Under 12(b)(5)*

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move for dismissal due to insufficient service of process. Fed. R. Civ. P. 12(b)(5). A federal court cannot exercise

jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988). Without substantial compliance with Rule 4, "'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987)). "Once service is challenged, [a] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A plaintiff meets his or her *prima facie* burden to show that service was proper by producing the process server's affidavit of service. *Wells Fargo Bank NA v. Kuhn*, No. CV137913GAFFFMX, 2014 U.S. Dist. LEXIS 190289, 2014 WL 12560870, at *2 (C.D. Cal. July 23, 2014). "Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires [the] defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service." *Id.* (internal quotation omitted). The burden then shifts back to the plaintiff "to produce evidence showing that the service was proper, or creating an issue of fact requiring an evidentiary hearing to resolve." *Id.* (internal quotation omitted).

**B. Defendants' 12(b)(6) Motion**

The Court first addresses Defendants Social and Health Services for the State of Washington's ("DSHS"), Toni Sebastian's, Yacob Zekarias's, and Stephen Cotter's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. #10). As an initial matter, the Court notes that Plaintiffs have failed to respond to this motion. Under the Court's Local Rules, "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has

ORDER
PAGE - 5

merit." LCR 7(b)(2). The Court deems Plaintiffs' failure to respond to this motion as such an admission.

Further, having reviewed Defendants' motion and the remainder of the record, the Court agrees that Defendants should be dismissed with prejudice. In this case, Plaintiffs fail to explain how Defendants caused or contributed to the alleged deprivations, which appear to involve actions taken by a visit supervisor contracted with Arizona DCS pursuant to an Arizona juvenile court dependency case.

In addition, Plaintiffs fail to state facts sufficient to allege a *prima facie* claim under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability under 42 U.S.C. § 1983 also requires a defendant to be the proximate cause of an injury to the plaintiff. *Hazle v. Crofoot*, 727 F.3d 983, 993 (9th Cir. 2013). The plaintiff must demonstrate that the particular defendant has caused or personally participated in causing the deprivation of a particular constitutional right. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In this case, Plaintiffs have failed to set forth specific facts showing a causal connection between each defendant's actions and the harm Plaintiffs have allegedly suffered. Plaintiffs do not explain how any of the alleged circumstances give rise to deprivation of their rights under the First, Ninth, or Fourteenth Amendments, nor do they provide facts to support the allegation

that DSHS failed to conduct a timely investigation. Further, there are no allegations in the Complaint that any of the named Defendants (other than Ms. Warwick) had any association with J.W.'s case. Finally, it does not appear that Washington law governs J.W.'s placement. When a child who is dependent in one state is placed another state, the Interstate Compact on the Placement of Children, RCW 26.34, *et seq.* and Ariz. Rev. Stat. § 8-548, governs the placement. That Compact provides that when a child who is dependent in one state is placed in another state under the Compact, the sending state retains jurisdiction over matters related to custody, supervision, care, treatment, and disposition as if the child had remained in the sending state. RCW 26.34.010 and Ariz. Rev. Stat. § 8-548. Plaintiffs do not explain how Defendants are responsible for the acts of Ms. Warwick, who was allegedly contracted through Arizona DCS. For all of these reasons, Plaintiffs' § 1983 claim will be dismissed.

Likewise, the Court will dismiss Plaintiffs' claims under § § 1985 and/or 1986. "[T]he essential elements of a [42 U.S.C.] § 1985 claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). To sufficiently state a claim for conspiracy to violate § 1983, plaintiffs must do more than provide conclusory allegations that a conspiracy existed. *See Woodrum v. Woodward Cty., Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989) ("conclusory allegations that [defendants] conspired do not support a claim for violation of his constitutional rights under Sec. 1983"). "[T]o prove a section 1985 conspiracy between a private party and the government under section 1983, the plaintiff must show an agreement or 'meeting of the minds' by the defendants to violate his constitutional rights." *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989). The plaintiff must also "satisfy the causal relationship between the alleged acts done in furtherance

ORDER
PAGE - 7

of the 'conspiracy' and his resulting injury." *Id.* at 1181. In addition to the above requirements, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Id.* at 1182. Similarly, a cause of action may arise under 42 U.S.C. § 1986 for failure to prevent an act under 42 U.S.C. § 1985; however, where there is no valid claim for relief under § 1985, there may be no cause of action under § 1986. *Trerice v. Pedersen,* 769 F.2d 1398, 1403 (9th Cir. 1985).

Because Plaintiffs have failed to state a viable § 1983 claim, there can be no viable claims under §§ 1985 or 1986. In addition, Plaintiffs have failed to set forth any facts in the Complaint to support the allegation that Defendants conspired or knew of a conspiracy and failed to take action to prevent harm. *See* Dkt. #4. For all of these reasons the Court will dismiss Plaintiffs' claims under § §1985 and 1986.

Finally, the Court will decline supplemental jurisdiction over Plaintiffs' remaining state law claim. *See Carlsbad Technology, Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639 (2009).

### C. Defendant's 12(b)(5) Motion

The Court next turns to Defendant Warwick's motion. Defendant Warwick moves to dismiss for insufficient service of process. Dkt. #11. She asserts that on November 6, 2017, she received a Summons and Complaint by U.S. priority mail addressed to Jody Lynn Warwick c/o Puget Sound Visitation Services, 4806 47th Ave NW, Seattle, WA 98116. Dkt. #12 at ¶ 2 and Exs. 1 and 2 thereto. She further asserts that she has never been personally served. *Id.*

As an initial matter, the Court notes that Plaintiffs have failed to respond to this motion. As noted above, "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the

ORDER
PAGE - 8

motion has merit." LCR 7(b)(2). The Court deems Plaintiffs' failure to respond to this motion as such an admission.

Further, the Court finds that Plaintiffs have failed to properly effect service on Ms. Warwick. Federal Rule of Civil Procedure 4 an individual defendant may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1) and (2).

Plaintiffs have failed to comply with any of the methods of service under Rule 4(e)(2). Likewise, Plaintiffs have failed to follow state law for serving a Summons and Complaint. Under Washington State law, an individual defendant may be served "personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(16). While Washington law also provides service by mail "where the person cannot with reasonable diligence be served [personally] as described," Plaintiffs have failed to show that Ms. Warwick could not be served personally. *See* RCW 4.28.080(17). Moreover, service by mail cannot occur at the defendant's place of

ORDER
PAGE - 9

employment. *Id.* ("For the purposes of this subsection, 'usual mailing address' does not include a United States postal service post office box or the person's place of employment.").

For all of these reasons, Defendant Warwick's motion to dismiss will be granted.

### D. Leave to Amend

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. The Court can conceive of no possible cure for the deficiencies in Plaintiffs' Complaint, particularly given the failures discussed above.

### IV. CONCLUSION

Having reviewed Plaintiffs' motion and the remainder of the record, the Court hereby ORDERS:

1. Defendants Social and Health Services for the State of Washington's ("DSHS"), Toni Sebastian's, Yacob Zekarias's, and Stephen Cotter's Motion to Dismiss (Dkt. #10) is GRANTED, and all claims against them are DISMISSED with prejudice.

2. Defendant Warwick's Motion to Dismiss (Dkt. #11) is GRANTED, and all claims against her are DISMISSED without prejudice.

3. Plaintiff named Child and Family Service d/b/a Puget Sound Visitation Services as a Defendant in this action. However, there is nothing in the record indicating

that Child and Family Service was ever served. The Federal Rules of Civil Procedure require service within 90 days of filing the Complaint. Fed. R. Civ. P. 4(m). More than 90 days have passed since the Complaint was filed. Accordingly, the Court DISMISSES Child and Family Service as a Defendant to this action without prejudice.

4. This case is now CLOSED.

DATED this 21 day of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE